**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| OSBEL HERRERA-JIMENEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -vs- | ) | NO. CIV-26-0399-HE |
| | ) | |
| MARKWAYNE MULLIN,[1] et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner Osbel Herrera-Jimenez seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to force review of the legality of his detention by United States Immigration and Customs Enforcement (ICE). According to the habeas corpus petition, petitioner is a citizen and national of Cuba who entered the United States on June 24, 2022, sought protection from persecution, and was placed into full removal proceedings. He has a pending asylum application. The petition indicates that on August 21, 2025, ICE took custody of petitioner following his arrest during a lawful vehicle stop by local authorities and subsequent transfer to ICE. It indicates he is currently detained at Diamondback Detention Facility in Watonga, Oklahoma.

In the petition, petitioner claims his detention pursuant to 8 U.S.C. § 1225(b)(2)(A), rather than pursuant to 8 U.S.C. § 1226(a), which provides for a bond hearing, violates the Immigration and Nationality Act (Count I). He also asserts claims for violation of the Due

---

[1] *In accordance with Fed. R. Civ. P. 25(d), Markwayne Mullin in his official capacity as Secretary of the U.S. Department of Homeland Security is substituted as respondent for Kristi Noem in her official capacity as Secretary of the U.S. Department of Homeland Security.*

Process Clause of the Fifth Amendment (Count II), the Administrative Procedure Act (Count III), the Equal Protection Guarantee of the Fifth Amendment (Count IV), the Suspension Clause of the Constitution (Count V), and the *Accardi* Doctrine (Count VI). As ordered by the court, the federal respondents filed a response to the petition. No reply was filed by petitioner. The matter is at issue.

Respondents, in their briefing, acknowledge this court's ruling in Ramirez Rojas v. Noem, No. CIV-25-1236-HE, 2026 WL 94641, **1-2 (W.D. Okla. Jan. 13, 2026), concluding that § 1226(a) rather than § 1225(b)(2)(A) governed the petitioner's detention, and that this case may be decided in similar fashion. Nonetheless, respondents rely upon contrary decisions by judges in this district, specifically, Gutierrez Sosa v. Holt, Case No. CIV-25-1257-PRW, 2026 WL 36344, at **3-5 (W.D. Okla. Jan. 6, 2026) and Montoya v. Holt, Case No. CIV-25-1231-JD, 2025 WL 3733302, at **5-12 (W.D. Okla. Dec. 26, 2025), as well as the contrary decision of the Fifth Circuit Court of Appeals in Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502-508 (5th Cir. 2026), to urge the court to deny petitioner's § 2241 petition.[2] Upon review, the court declines to reconsider its prior ruling. The conflicting decisions of the judges in this district and the 2-1 decision in Buenrostro-Mendez make clear that strong arguments support both statutory readings of the parties. However, the court remains persuaded that § 1226(a) governs and continues to follow

---

[2] *The court is also aware of another recent 2-1 contrary decision by the Eighth Circuit Court of Appeals in* Avila v. Bondi, *No. 25-3248, ___ F.4th ___, 2026 WL 819258, at **3-6 (8th Cir. Mar. 25, 2026). The decision was issued shortly after respondents filed their response brief.*

similar rulings by the judges in this district[3] and the Seventh Circuit Court of Appeals in Castanon-Nava v. U.S. Department of Homeland Security, 161 F.4th 1048, 1060-62 (7th Cir. 2025). And even though petitioner filed an asylum application, the court has previously concluded that § 1225(b)(2)(A) still does not apply. *See* Li v. Grant, CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026).

Because § 1226(a) governs petitioner's detention, the court concludes that he is entitled to an individualized bond hearing. The court will therefore grant the habeas corpus petition in part[4] and order respondents to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) business days or otherwise release him if no hearing is held within that time.

Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] is **GRANTED in part**. Respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven (7) business days** or otherwise release petitioner if he has not received a lawful bond hearing within that period. Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) business days** of the court's order.

A separate judgment will be entered.

---

[3] *See* Lopez v. Corecivic Cimmaron Correctional Facility, *Case No. CIV-25-1175-SLP, 2026 WL 165490, at **3-7 (W.D. Okla. Jan. 21, 2026);* Valdez v. Holt, *Case No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025);* Colin v. Holt, *Case No. CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025),* Escarcega v. Olson, *Case No. CIV-25-1129-J, 2025 WL 3243438, at *1 (W.D. Okla. Nov. 20, 2025).*

[4] *The court declines to decide the merits of petitioner's other claims alleged in the habeas petition in light of its ruling that § 1226(a) governs petitioner's detention.*

**IT IS SO ORDERED**.

Dated this 7th day of April, 2026.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE